IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICOLAS A. COX,

            Plaintiff,

v.                                                        Case No. 12-2571-KHV-DJW

SHERIFF FRANK DENNING,
et al.,

            Defendants.

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, proceeding *pro se*, brings this civil rights action under 42 U.S.C. §1983 and 42 U.S.C. § 2000cc alleging, *inter alia*, that Defendants deprived him of his prescribed kosher religious diet. Plaintiff is an inmate in the custody of Defendant Sheriff at the Johnson County Adult Detention Center and is being held pending the outcome of a state court criminal case. Currently pending before the Court are Plaintiff's motion to compel case law cited in Defendants' legal filings (ECF No. 20) and motion for appointment of counsel (ECF No. 30). As explained below, Plaintiff's motion to compel is granted and his motion for appointment of counsel is denied.

**I.    Motion to Compel Case Law**

Plaintiff requests that the Court compel Defendants to produce all case law used in all legal filings against him. He states in support of his request that the jail law library does not have any federal court reporters and the access he has to federal case law is limited to small excerpts in the United States Code. He also states that he does not have access to unpublished cases cited by Defendants. Plaintiff claims that he needs to see the cases quoted and cited by

Defendants in their entirety in order to point out key differences in those cases and point out any arguments taken out of context. He clarifies in his reply that he is not requesting access to Westlaw, LexisNexis, or Google Scholar, only to be provided copies of the case law cited in Defendants' motions.

The Sheriff Defendants and Aramark Defendants have filed responses (ECF Nos. 25 and 26) opposing Plaintiff's motion. They argue that the motion should be denied because copies of case law are not discovery and therefore not the proper subject matter of a motion to compel. They also point out that Plaintiff filed a similar motion in another Section 1983 case,[1] which was recently denied by Magistrate Judge O'Hara. Defendants next argue that Plaintiff does not have a protected right to the case law they cite in their briefs in support of their respective motions to dismiss. They argue that Defendant Sheriff is only obligated to provide Plaintiff with a "reasonably adequate opportunity" to present his alleged constitutional rights. Any limitation on his ability to access and thoroughly evaluate federal cases cited by Defendants is beyond constitutional guarantees. They argue that his citation to statutes and case law in numerous civil cases shows that any hindrance of which he currently complains simply does not warrant the Court's interference. Finally, Defendants cite three cases from other districts where the courts have denied similar motions by prisoners. Finally, the Aramark Defendants argue that Plaintiff's motion to compel should be denied for failure to include a certification that movant has conferred prior to filing the motion.

---

[1] *Cox v. Denning*, D. Kan. 12-cv-2454-EFM-JPO (ECF No. 41).

### A.     Unpublished Decisions Cited by Defendants

District of Kansas Rule 7.6(c) requires an unpublished decision cited in a brief that is not available electronically (via Westlaw or LEXIS) to be attached as an exhibit.  For unpublished decisions that are available on Westlaw or LEXIS, the "[p]arties should furnish electronically-available unpublished decisions to opposing parties only upon request."[2]  Plaintiff has made a request for the unpublished decisions cited in Defendants' briefs, and Defendants have not otherwise shown that Plaintiff has reasonable access to obtaining these unpublished decisions. The Court will therefore order all Defendants to serve Plaintiff with a copy of all electronically-available unpublished decisions, i.e., decisions with a Westlaw or LEXIS citation, cited in their respective pending motions to dismiss and related memoranda within **seven (7) days of this Memorandum and Order**.  Defendants may coordinate their efforts so that they do not serve Plaintiff with multiple copies of the same unpublished decision.

### B.     Published Decisions Cited by Defendants

Unlike unpublished decisions, the District of Kansas does not have a local rule requiring a party to furnish published decisions it cites, even upon request.  Defendants argue that they should not be compelled to furnish pro se prisoner Plaintiff with copies of cases cited in their motions and briefing.  Defendants argue that case law is not discovery. There is no procedural basis under the federal or local rules obligating Defendants to support Plaintiff's litigation efforts through the provision of case law.

The Court generally agrees with Defendants that there is no Federal Rule of Civil Procedure or local rule obligating Defendants to provide a pro se litigant with copies of the

---

[2] D. Kan. Rule 7.6(c).

*published* cases cited in their motions and briefs. In this case, however, the pro se litigant is an inmate in the custody of Defendant Sheriff, which implicates Plaintiff's constitutional right of access to the courts.

*Bounds v. Smith*[3] is the seminal Supreme Court case addressing the rights of inmates to meaningful access to the courts. In *Bounds*, the Supreme Court held that the fundamental right of access to the courts requires prison authorities to assist inmates in preparing and filing meaningful legal papers, by providing them with either adequate law libraries or adequate assistance by persons trained in the law.[4] The *Bounds* court noted the importance of research to a pro se prisoner.

> If a lawyer must perform such preliminary research, it is no less vital for a pro se prisoner. Indeed, despite the "less stringent standards" by which a pro se pleading is judged, it is often more important that a prisoner complaint set forth a nonfrivolous claim meeting all procedural prerequisites, since the court may pass on the complaint's sufficiency before allowing filing in forma pauperis and may dismiss the case if it is deemed frivolous. Moreover, if the State files a response to a pro se pleading, it will undoubtedly contain seemingly authoritative citations. Without a library, an inmate will be unable to rebut the State's argument. It is not enough to answer that the court will evaluate the facts pleaded in light of the relevant law. Even the most dedicated trial judges are bound to overlook meritorious cases without the benefit of an adversary presentation.[5]

In determining whether a prisoner has meaningful access to the courts, the inquiry is whether the prisoner is provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."[6]

---

[3] 430 U.S. 817 (1977).

[4] *Id*. at 828, 830-32.

[5] *Id.* at 825-26 (internal citations omitted).

[6] *Id.* at 825.

The Supreme Court later held in *Lewis v. Casey*[7] that *Bounds* "did not create an abstract, free standing right to a law library or legal assistance,"[8] but summed up what *Bounds* guarantees:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.[9]

The *Bounds* decision cannot be read to require unfettered access to a law library by every inmate, as the Supreme Court noted the right of access could be satisfied by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.[10] The constitutionally relevant benchmark is meaningful, not total or unlimited, access.[11] The choice among various methods of guaranteeing access to the courts lies with prison administrators, not inmates or the courts.[12] This right of meaningful access also extends to inmates in county jails.[13]

Plaintiff is in the custody of Defendant Sheriff and thus Defendant Sheriff controls Plaintiff's access to the courts. Defendant Sheriff is therefore constitutionally required to provide Plaintiff a means for ensuring "a reasonably adequate opportunity to present claimed

---

[7] 518 U.S. 343 (1996).

[8] *Id.* at 351.

[9] *Id.* at 355.

[10] *Smith v. Harvey Cnty. Jail*, 889 F. Supp. 426, 431-32 (D. Kan. 1995) (citing *Bounds*, 430 U.S. at 828).

[11] *Bounds,* 430 U.S. at 823.

[12] *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1107 (10th Cir. 2005).

[13] *Love v. Summit Cnty.*, 776 F.2d 908, 912 (10th Cir. 1985).

violations of fundamental constitutional rights to the courts."[14] Although Defendant Sheriff does not mention what legal research resources are available to Plaintiff or other inmates, Plaintiff's motion refers to the facility's law library. According to Plaintiff, that library does not have any federal court reporters. His only access to federal case law is small excerpts in the United States Code. He does not indicate whether he has access to other resources, such as Westlaw, LexisNexis, the internet, other law libraries, interlibrary loan, a law clerk, librarian, or other ways he could obtain copies of the cases cited in Defendants' motions and memoranda. Defendant Sheriff does not dispute Plaintiff's allegation that the law library does not have any federal court reporters or that Plaintiff does not have any access to the cases cited by Defendants in their motions to dismiss and related memoranda. Defendant Sheriff also fails to provide any evidence refuting Plaintiff's allegation that he has no access to the cases cited in Defendants' motions and memoranda or any explanation of what legal research materials Plaintiff can access.[15]

A review of the memoranda in support of Defendants' motions to dismiss reveals numerous citations to federal published cases in the United States Reporter (U.S. and S. Ct.), Federal Reporters (F.2d and F.3d), and Federal Supplement Reporters (F Supp. and F.Supp.2d). Plaintiff has made a reasonable request to be provided all federal case law cited in Defendants' motions and memoranda. Because he is in custody, Plaintiff, unlike other non-prisoner pro se litigants, cannot travel to a local law library to access the cases or use a computer to access the pertinent legal resources that may be available online. Defendant Sheriff, as Plaintiff's jail

---

[14] *Bounds,* 430 U.S. at 825.

[15] The Court's findings made with regard to Plaintiff's Motion to Compel case law herein are not indicative of any determination with regard to Plaintiff's claim for deprivation of access to courts.

custodian, has a duty to provide Plaintiff with *meaningful* access to the courts, which means "a reasonably adequate opportunity to present" his claimed violations of fundamental constitutional rights. The Court will therefore require Defendant Sheriff to either serve Plaintiff with copies of all *published* cases cited in the memoranda in support of Defendants' motions to dismiss or provide Plaintiff with a reasonable means to obtain these cases. Defendant Sheriff shall either serve Plaintiff with copies of all the *published* cases cited in all Defendants' motions and related memoranda or provide Plaintiff with a reasonable means to obtain the cases within **fourteen (14) days of this Memorandum and Order**.

## II.  Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel in which he requests that the Court appoint Louis Wexler as his counsel. Plaintiff does not indicate whether he has consulted Mr. Wexler about this motion or whether Mr. Wexler would be agreeable to any such appointment. If Mr. Wexler has agreed to represent Plaintiff, he may enter his appearance in this case. The Court, however, will not appoint Mr. Wexler absent some indication that Mr. Wexler is aware of the request and agrees to be appointed as counsel for Plaintiff.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[16] For actions with claims arising under 42 U.S.C. § 1983, courts considering requests for the appointment of counsel generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[17] Under § 1915(e)(1), a court "may request an attorney to represent any person unable to afford

---

[16] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[17] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

7

counsel."  The appointment of counsel under § 1915(e)(1) is a matter within the discretion of the district court.[4]  In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[5]

Plaintiff states in support of his motion that he is unable to afford counsel and his imprisonment greatly inhibits his ability to effectively litigate.  He claims the issues involved in this case are complex and will require significant research and investigation, which he cannot do without a way to access to the case law cited by Defendants in their motions and memoranda.  He asserts that a trial in this case will have conflicting testimony and appointed counsel would be better able to present evidence, cross examine witnesses, and thoroughly investigate the claims.

Reviewing Plaintiff's Complaint and Motion for Appointment of Counsel under the above-referenced factors, the Court finds that Plaintiff's request for counsel should be denied.  The nature of the factual issues and legal issues raised do not appear overly complex.  Plaintiff has shown he is familiar with navigating the court system and has thus far demonstrated sufficient ability to present his claims.  Further, if Plaintiff is provided with a reasonably adequate opportunity to access case law cited by Defendants, Plaintiff should be able to litigate his claims without the assistance of counsel.  As the Court is granting Plaintiff's motion to compel case law cited in Defendants' motions and related memoranda, Plaintiff should be able to

---

[4] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

conduct his own legal research into the issues raised in the case. Plaintiff's motion for appointment of counsel is therefore denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel (ECF No. 20) is granted. Pursuant to D. Kan. Rule 7.6(c), all Defendants shall serve Plaintiff with one copy of all electronically-available *unpublished* decisions, i.e., decisions with a Westlaw or LEXIS citation, cited in their respective motions to dismiss and related memoranda within **seven (7) days of this Memorandum and Order**. Defendant Sheriff shall either serve Plaintiff with copies of all the *published* cases cited in all Defendants' motions and related memoranda or provide Plaintiff with a reasonable means to obtain the cases within **fourteen (14) days of this Memorandum and Order**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 30) is denied.

IT IS SO ORDERED.

Dated this 20th day of November, 2012, at Kansas City, Kansas.

s/ David J. Waxse  
David J. Waxse  
U. S. Magistrate Judge
