**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NICHOLAS A. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2571-KHV |
| SHERIFF FRANK DENNING, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's Motion For Reconsideration (Doc. #47) filed January 17, 2013. On January 8, 2013, the Court granted plaintiff an additional 30 days to respond to defendants' Motion To Strike Unauthorized Surreply (Doc. #36) filed October 24, 2012, but denied his request for an extension of time to submit additional responses to all of defendants' previously filed motions and filings. Order (Doc. #45). Specifically, the Court noted that as to the remainder of defendants' filings, plaintiff had already filed responsive briefs and, in some instances, unauthorized surreplies. Id. at 2. Plaintiff asks the Court to reconsider its ruling in light of the fact that Magistrate Judge David J. Waxse recently sustained his motion to compel and ordered defendants to provide copies of the unpublished and published decisions cited in their motions to dismiss and related memoranda. See Memorandum And Order (Doc. #38) filed November 20, 2012.

**Legal Standards**

A motion to reconsider must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Coffeyville Res. Ref. & Mktg. LLC v. Liberty Surplus Ins. Corp., 748 F. Supp.2d 1261, 1264 & n.2 (D. Kan. 2010); see also D. Kan. R. 7.3(b); Comeau v. Rupp, 810 F. Supp. 1172, 1174–75 (D. Kan.

1992). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996); RTC v. Greif, 906 F. Supp. 1446, 1456 (D. Kan. 1995); Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp.2d 1130, 1132 (D. Kan. 2005). Whether to grant a motion to reconsider is left to the Court's sound discretion. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995).

## Analysis

In granting plaintiff's motion to compel, Judge Waxse found that District of Kansas Rule 7.6(c) requires defendants to provide copies of unpublished opinions upon plaintiff's request. Memorandum And Order (Doc. #38) at 3. In addition, in light of the constitutional duty to provide plaintiff meaningful access to the courts, Judge Waxse ordered Sheriff Denning to provide copies of all published cases cited in defendants' motions and memoranda. Id. at 5-7. Specifically, Judge Waxse noted that Sheriff Denning did not dispute plaintiff's allegation that at the jail in which he is being held, he does not have access to federal court reporters or cases which defendants have cited in their motions to dismiss and related memoranda. Id. at 6.

In his motion for reconsideration, plaintiff states that he filed the motion to compel so that he could adequately respond to defendants' motions to dismiss and that after he received Judge Waxse's ruling, he filed the motion for extension of time to respond to all of defendants' filings so that he could utilize the access to court decisions which Judge Waxse had granted. At the time the Court denied plaintiff's motion for extension of time, it was unaware of the connection between the

motion and Judge Waxse's recent ruling.[1] In light of Judge Waxse's order, the Court will reconsider its ruling. On or before **February 25, 2013**, plaintiff may file supplemental responses to Defendant Aramark Food Service LLC's Motion To Dismiss (Doc. #11) filed September 21, 2012, Individual Defendant Derrick's Motion To Dismiss (Doc. #13) filed September 21, 2012 and the Motion To Dismiss (Doc. #17) filed September 26, 2012. As to any supplemental response which plaintiff files, defendants may file a supplemental reply within 20 days thereafter.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration (Doc. #47) filed January 17, 2013 be and hereby is **SUSTAINED**. On or before **February 25, 2013**, plaintiff may file supplemental responses to Defendant Aramark Food Service LLC's Motion To Dismiss (Doc. #11) filed September 21, 2012, Individual Defendant Derrick's Motion To Dismiss (Doc. #13) filed September 21, 2012 and the Motion To Dismiss (Doc. #17) filed September 26, 2012. As to any supplemental response which plaintiff files, defendants may file a supplemental reply within 20 days thereafter.

Dated this 24th day of January, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[1] Plaintiff's motion for extension of time had a brief reference to Judge Waxse's ruling which had been crossed out. The crossed-out language stated as follows:

> I will also note that it has been seven days since Judge Waxse ordered the defendants to produce all unpublished case law and I haven't received anything.

Motion For Thirty Day Extension (Doc. #42) filed December 18, 2012. The language was crossed out and instead plaintiff wrote: "Case law has been received." Id.