# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NICHOLAS A. COX,                    )
                                    )
                    Plaintiff,      )
                                    )        **CIVIL ACTION**
v.                                  )
                                    )        **No. 12-2571-KHV**
SHERIFF FRANK DENNING, et al.,      )
                                    )
                    Defendants.     )
_____)

## MEMORANDUM AND ORDER

Nicholas A. Cox, pro se prisoner in the Johnson County Adult Detention Center in New Century, Kansas, brings suit against Frank Denning, Sheriff of Johnson County; Aramark Food Service; Derrick (lnu), employee of Aramark Food Service; and (fnu) Cortright, (fnu) Prothe, (fnu) Marriott and John Doe, all deputies of the Johnson County sheriff's department. See Amended Petition (Doc. #63) filed February 25, 2013. Plaintiff asserts that defendants have violated his constitutional rights and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.A. §§ 2000cc to 2000cc-5. This matter comes before the Court on plaintiff's [Motion And] Memorandum In Support Of T.R.O. And Preliminary Injunction ("Plaintiff's Motion") (Doc. #43) filed December 18, 2012. For reasons stated below, the Court overrules plaintiff's motion.

## Legal Standards

The purpose of a preliminary injunction is "to preserve the status quo pending the outcome of the case." Tri-State Generation & Transmission Ass'n., Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986). A preliminary injunction is a drastic and extraordinary remedy which courts do not grant as a matter of right. Paul's Beauty Coll. v. United States, 885 F. Supp. 1468, 1471 (D. Kan. 1995); 11A Charles Alan Wright, et al., Federal Practice & Procedure § 2948,

at 128-29 & nn.3, 6-7 (1995). To obtain a preliminary injunction, plaintiff must establish (1) a substantial likelihood that he will eventually prevail on the merits; (2) irreparable injury unless the preliminary injunction issues; (3) that the threatened injury outweighs whatever damage the proposed preliminary injunction may cause defendants; and (4) that the preliminary injunction, if issued, will not be adverse to the public interest. Tri-State, 805 F.2d at 355. The Court must deny injunctive relief if plaintiff fails to establish any requisite element. Packerware Corp. v. Corning Consumer Prods. Co., 895 F. Supp. 1438, 1446 (D. Kan. 1995). Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003). Here, plaintiff seeks a "specially disfavored" injunction, i.e. one that is mandatory as opposed to prohibitory. Id. Thus, he bears a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." Id. (quoting O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004) (en banc), aff'd, 546 U.S. 418 (2006)). In other words, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." Id.

In considering a motion for prospective relief related to the conditions of a prisoner's confinement, the Court must give "substantial weight" to any adverse impact on public safety or the operation of a criminal justice system. See 18 U.S.C. § 3626(a)(1).[1] The Court cannot grant

---

[1]     Section 3626(a)(1) states as follows:

Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than

(continued...)

prospective relief unless it finds that such relief is narrowly drawn, extends no further than necessary to correct a violation of plaintiff's federal right and is the least intrusive means necessary to correct such violation.  Id.  In addition, any prospective relief must extend no further than necessary to correct the violation of plaintiff's federal right.  Id.

**Analysis**

Plaintiff seeks a preliminary injunction based on allegations in his petition.[2]  Specifically, plaintiff attempts to show through his motion and an accompanying declaration that he should prevail on all of his claims.  See Plaintiff's Motion (Doc. #43); Declaration Of Nicholas A. Cox (Doc. #44) filed December 18, 2012.  The crux of plaintiff's allegations is that defendants have denied him a kosher diet and retaliated against him because he complained of their actions.  The alleged acts of retaliation include (1) giving him an overdose of medicine, refusing to treat him for symptoms caused by the overdose and instead sending him to the "hole" for eight days, Declaration Of Nicholas A. Cox (Doc. #44) at 1-2; (2) interfering with his legal mail and court witnesses, id.

---

[1](...continued)
necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1).

[2]     Plaintiff has since filed an amended petition, but the changes in his allegations do not alter the Court's analysis herein.  Compare Petition attached to Notice of Removal (Doc. #1) filed August 30, 2012 with Amended Petition (Doc. #63).  In addition to a preliminary injunction, plaintiff requests a temporary restraining order ("TRO").  See Plaintiff's Motion (Doc. #43).  That request became moot, however, when defendants received notice through the Court's electronic notification process.  See Hemphill v. Jones, No. CIV-11-1192-HE, 2012 WL 5873307, at *1 n.1 (W.D. Okla. Oct. 12, 2012) (citing Robinson v. Carney, No. CIV-07-236-C, 2007 WL 2156391, at *1 (W.D. Okla. July 26, 2007)) (once defendants obtained notice and opportunity to respond, request for TRO became moot).

at 2; (3) subjecting him to unreasonable searches, id. at 2-3; (4) issuing disciplinary citations and putting him in lock down, id. at 3-4; (5) using excessive force, id. at 4; (6) treating him as suicidal, id. at 4-5; (7) fabricating charges against him, id.; and (8) throwing away his legal work and $60.00 worth of property, id. at 5. In the form of preliminary injunctive relief, plaintiff asks the Court to order a "farmout," which the Court interprets as a request for transfer to another penal institution. See Plaintiffs' Motion (Doc. #43) at 3.[3]

As a preliminary matter, plaintiff has not shown a substantial likelihood that he will eventually prevail on the merits. His allegations tend to ramble and even construed in the light most favorable to him, they leave ample room for another side to the story. See, e.g., Plaintiff's Motion (Doc. #43) at 2 (as of December 8, 2012, plaintiff feels that the food they are serving is "nearly" Kosher); Declaration Of Nicholas A. Cox (Doc. #44) at 4-5 ("I finally got upset. I covered my camera and the door and refused to cooperate. . . . In the past, I have noticed that they dread the inmate who smears 'poop' because they have to smell it when they do welfare checks. . . . I crapped on the floor. I covered the incoming vent with my styrofoam meal tray and put feces on the outgoing vent so it permeated the run in stink."). Moreover, plaintiff's belief that defendants may subject him to unspecified actions in the future is not sufficient to establish that he is in danger of irreparable harm. See, e.g., Faircloth v. Schwartz, No. 12-cv-02764, 2012 WL 6737186, at *2 (D. Colo. Dec. 28, 2012); Worthen v. Okla. Dep't of Corr., No. CIV-07-687-R, 2007 WL 4563665, at *9 (W.D. Okla. Dec. 7, 2007); Davis v. Okla. Dep't of Corr., No. CIV-6-0229-HE, 2007 WL 869650, at *4 (W.D. Okla. March 20, 2007). Thus, plaintiff has not demonstrated the first two

---

[3]     Plaintiff states that "[a] farmout is what I am asking for. . . . [W]hat I ask for does not change the status quo and a bed will be open to make up for the cost of [a] farmout. They won't have to feed, clothe, and medically care for me." Plaintiffs' Motion (Doc. #43) at 3.

-4-

factors necessary for a preliminary injunction.

Also, the third and fourth factors weigh against plaintiff's request. In <u>Turner v. Safley</u>, 482 U.S. 78 (1987), the United States Supreme Court cautioned against judicial interference with the daily administration of prisons:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

<u>Turner</u>, 482 U.S. at 84-85. Plaintiff seeks a remedy which is extraordinary and drastic, <u>i.e.</u> a court order which requires defendants to transfer him to another prison facility. Granting the requested relief would require this Court to interfere with matters of prison administration which would be contrary to the public interest. <u>See, e.g.</u>, <u>Hines v. Jones</u>, No. CIV-07-1429-R, 2008 WL 3864042, at *4 (W.D. Okla. Aug. 14, 2008). This ground alone warrants denying plaintiff's motion for injunctive relief. <u>See</u> <u>Davis</u>, 2007 WL 869650, at *4.

On this record, plaintiff has not shown that he is clearly and unequivocally entitled to injunctive relief.

**IT IS THEREFORE ORDERED** that plaintiff's <u>[Motion And] Memorandum In Support Of T.R.O. And Preliminary Injunction</u> (Doc. #43) filed December 18, 2012 be and hereby is **OVERRULED**.

Dated this 18th day of April, 2013 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge
