# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NICOLAS A. COX,

        Plaintiff,

v.                                   Case No. 12-2571-DJW

SHERIFF FRANK DENNING,
et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's second Motion for the Appointment of Counsel (ECF No. 75). Plaintiff requests that the Court appoint him counsel pursuant to 28 U.S.C. § 1915. In support of his motion, he states that he is unable to afford counsel, this case is legally complex, he has limited knowledge of the law, and he has limited mobility in the law library. He further indicates that he has written to five attorneys and because "this case is more about civil rights than money, [he does not] expect any 'action.' "

As previously set out in the Court's prior Memorandum and Order denying Plaintiff's first motion for appointment of counsel,[1] it is well settled that a party in a civil action, as opposed to a criminal action, has no right to appointment of counsel.[2] For actions with claims arising under 42 U.S.C. § 1983, courts considering requests for the appointment of counsel generally

---

[1] *See* Nov. 20, 2012 Mem. & Order (ECF No. 38) at 7–9.

[2] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[3]   Under § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel."   The appointment of counsel under § 1915(e)(1) is a matter within the discretion of the district court.[4]  In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[5]

Reviewing Plaintiff's present motion, as well as his other pleadings filed to date, under the above-referenced factors, the Court finds that Plaintiff's second request for appointment of counsel should be denied.  Plaintiff has been able to litigate his case without the assistance of counsel for well over eighteen months.  During this time, he has attended telephone conferences with the Court, filed numerous pleadings, including a multitude of motions, all without the assistance of counsel.  Plaintiff has thus demonstrated that he has sufficient ability to present and prosecute his claims.  Plaintiff should be able to continue to litigate his claims without the assistance of counsel.  Plaintiff's motion for appointment of counsel is therefore denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's second Motion for the Appointment of Counsel (ECF No. 75) is denied.

IT IS SO ORDERED.

---

[3] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[4] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Dated this 26th day of July, 2013, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge
